IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| AUDREA S. BOOTHE | § | CASE NO.04-42766 |
| xxx-xx-1937 | § | CHAPTER 13 |
| 5104 Shannon Drive | § | |
| The Colony, TX 75056 | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| DEBTOR | § | |

**DEBTOR'S AMENDED SECOND MOTION TO VACATE DISMISSAL ORDER AND REINSTATE CHAPTER 13 CASE PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND 11 U.S.C. § 105**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Audrea S. Boothe, Debtor, herein by and through her attorney, Barron and Barron, L.L.P, and files this Debtor's Amended Second Motion to Vacate Dismissal Order and Reinstate Chapter 13 Case Pursuant to Federal Rules of Bankruptcy Procedure 9023 and 11 U.S.C. § 105, hereinafter referred to as "Motion" and respectfully represents to this Court the following:

1. Counsel for Debtor has spoken with the Trustee, and the Trustee does not oppose this Motion.

2. The Debtor filed her Chapter 13 bankruptcy on June 10, 2004. The Chapter 13 plan should be completed this month, June 2007.

3. The Court entered a dismissal order on May 2, 2007 because the Chapter 13 Trustee filed a Certificate of Non-Compliance based on an Agreed Order entered into by the Trustee and Debtor.

4. The Debtor's case is scheduled to be completed June 2007, and she has all the money to pay to the Trustee.

5. The original Motion to Vacate Dismissal Order and Reinstate Chapter 13 case, hereinafter referred to as "Original Motion" was filed within ten (10) days of entry of the dismissal order.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

6. The Debtor fell behind on her Chapter 13 plan payments for the month of March 2007 and April 2007. Thus the Trustee filed her Certificate of Non-Compliance on April 20, 2007.

7. Once the Debtor received the Certificate of Non-Compliance, she contacted the Trustee's office. On April 29, 2007, she attempted to cure the default by making the missed payments of $720.00 before the dismissal order was entered. However, a representative from the Trustee's office informed her that the Trustee would not withdraw the Certificate even if the Debtor had the money and the case was not yet dismissed.

8. On May 2, 2007, this Court dismissed the Debtor's case which prompted the Debtor to file the Original Motion.

## AUTHORITIES

9. This Court has the authority to grant the relief sought herein pursuant to Federal Rule of Bankruptcy Procedure 9023 and 11 U.S.C. § 105.

10. Federal Rule of Bankruptcy Procedure 9023 adopts and applies Federal Rule of Civil Procedure 59(e) in determining the merits of amending a judgment to vacate a dismissal

order and reinstate the bankruptcy case for motions that are filed within ten (10) days after entry of the judgment.  FED. R. CIV. P. 59(e)

11.	In addition, the Bankruptcy Code grants the Court broad powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105

## ARGUMENTS

12.	 To prevail on a Rule 59(e) motion, the Debtor must show one of the following grounds for amending the judgment: (1) accommodate an intervening change in controlling law, (2) to account for new evidence not available at trial, or (3) the amendment is necessary to prevent manifest injustice.  U.S. v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002).  The standard for a Motion filed under Federal Rule of Civil Procedure 59 is less stringent than a motion filed under Federal Rule of Civil Procedure 60.  Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173-74 (5th Cir. 1990)(to reopen a case under FRCP 59(e), movant is not required to make showing of mistake or inadvertence as under FRCP 60).

13.	In this case, the Debtor does not contend there is an intervening change in the law or to account for new evidence not available at trial.  However, the Debtor does contend that this Court should grant the Motion in order to prevent manifest injustice.  Determining whether a "manifest injustice" will occur if there is no amendment is an equitable remedy.  For equitable remedies, the Court is given great discretion.

14.	In this case, the Court should vacate the dismissal order and reinstate the case to prevent a manifest injustice because the Debtor has all the funds necessary to complete her case.  Her case should be completed in June 2007.  In her case, she is purchasing a vehicle and to start over again would be create a manifest injustice to this Debtor.

### **Prior to the dismissal order being entered, the Debtor attempted to tender the delinquent funds to the Trustee, but the Trustee refused the payments; this case should be completed this month, June 2007**

15.     Once the Debtor received notice of the default via a Certificate of Non-compliance from the Chapter 13 Trustee in the mail, the Debtor personally went to the Chapter 13 Trustee's office to tender the delinquent funds of $720.00.  A representative from the Trustee's office refused to accept the funds and/or withdraw the Certificate.  Thus this Court entered a dismissal order.

16.     Within ten (10) days of the dismissal order, the Debtor filed the Original Motion. The Debtor filed this Chapter 13 case on June 10, 2004.  The terms of the plan were thirty-six (36) months.  The Debtor fell behind only once and signed an agreed order that ultimately caused her case to be dismissed without further notice to the Debtor.  This case should be completed this month, June 2007.  The Debtor has the funds to tender to the Trustee for the all payments owed under her plan.  In order for the Court to prevent manifest injustice, the Court should vacate the dismissal order and reinstate the case because the Debtor has only one month left in her case and she has all the money necessary to complete her case.

17.     A Rule 59(e) motion should be filed "after the entry of judgment", not before. FED. R. CIV. P. 59(e).  The Debtor did not file the Original Motion before the dismissal order was entered because according to Federal Rules of Civil Procedure to vacate a judgment, the judgment first has to be entered.  The Trustee's Certificate of Non-compliance merely complies with a previously entered order and does not give the Debtor an opportunity to object to the Certificate.

### The Court has Broad Powers to Carry Out the Purpose of the Bankruptcy Code

18. The Court has broad powers to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105. The purpose of the Bankruptcy Code is to allow honest debtors with a fresh start. The Debtor signed an Agreed Order more than a year ago that required her to stay current to the Trustee or her case would be dismissed without further notice. She complied with the terms until the final few months of her case. Other than that, she has honestly and faithfully carried out her duties as a Debtor. To deny her a fresh start would be contrary to the Bankruptcy Code's purpose.

### Conclusion

19. The Original Motion is filed within ten (10) days of entry of the dismissal order. Because of this, the Debtor can use Rule 59(e) to request the Court to vacate the dismissal order and reinstate her case. The standard for a Rule 59(e) motion is less stringent than a Rule 60 motion. To prevail on a Rule 59(e) motion, the Debtor must demonstrate to the Court that amending the order to vacate the dismissal and reinstate the case is necessary to prevent manifest injustice. In this case, the Debtor honestly and faithfully complied with the terms of her plan, except twice. The second default in her plan payments caused her case to be dismissed. She has all the money to pay to the Trustee to pay her case in full. The case was scheduled to be completed this month, June 2007. For these reasons, the Court should grant the Debtor's Amended Second Motion to Vacate Dismissal Order and Reinstate Chapter 13 case in order to prevent manifest injustice.

WHEREFORE, Debtor prays for an Order Vacating the Dismissal Order and directing that this case be reinstated as an active case, and the Debtor has such and further relief as is just.

DATED: June 13, 2007

Respectfully submitted,

BARRON & BARRON, L.L.P.
P.C. BOX 1347
NEDERLAND, TEXAS 77627
(409) 727-0073


BY: /s/ Robert E. Barron
  ROBERT E. BARRON
  TBA NO. 01820800

ATTORNEY FOR DEBTOR

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing Debtor's Amended Second Motion to Reinstate Case has this June 13, 2007, a true and correct copy of the above and foregoing document shall be served via electronic means, if available, otherwise by regular, first class mail, to the following:

Audrea S. Boothe
5104 Shannon Drive
The Colony, TX 75056

Janna L. Countryman
P. O. Box 941166
Plano, TX 75094-1166


US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

        /s/ Robert E. Barron
        ROBERT E. BARRON

Ford Motor Credit
POB 54200
Omaha, NE 68154

Hebron Emergency
POB 41663
Philadelphia, PA 19101

Trinity Medical Center
c/o Central Financial Control
POB 809053
Dallas, TX 75380

TXU Electric
POB 100001
Dallas, TX 75310

TXU Gas
POB 650653
Dallas, TX 75310